In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-26-00097-CV

IN RE SHAUN NICHOLAS ST. JOHN

Original Proceeding
457th District Court of Montgomery County, Texas
Trial Cause No. 25-01-01421

MEMORANDUM OPINION

After his insurance company found covered losses that were less than the amount of the deductible on his homeowner's policy, Relator Shaun Nicholas St. John sued insurance adjusters Royal Adjusting Services, LLC and Brandon Ray Hilton for unfair settlement practices, misrepresentation of policy provisions, and failure to conduct a reasonable investigation pursuant to Chapter 541 of the Insurance Code and the Deceptive Trade Practices Act. Real Party in Interest Homeowners of America Insurance Company ("HOAIC") intervened, invoked section 542A.006 of the Insurance Code, and moved to dismiss the adjuster

defendants and compel appraisal. The trial court dismissed the adjuster defendants, granted HOAIC's Motion to Compel Appraisal, and ordered St. John to pay HOAIC $1,500 in attorney's fees for declining to name an appraiser. St. John filed a mandamus petition. *See* Tex. R. App. P. 52.3. We temporarily stayed trial court proceedings and obtained a response from HOAIC and a reply from St. John. *See id.* 52.4, 52.5, 52.10(b). We deny mandamus relief.

## Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from

2

impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). An appeal is not an adequate remedy if the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding).

### Insurer's Election to Assume Adjuster's Liability

First, St. John contends the trial court abused its discretion by granting HOAIC's section 542A.006 election and dismissing the adjuster defendants when HOAIC was not a party to the action and St. John avoided invoking Chapter 542A's framework by suing the adjusters and expressly disclaiming policy benefits. St. John argues the legislature could not possibly have intended that the section 542A.006 election would result in a tort suit without adjuster defendants.

An issue of statutory construction is a legal question reviewed de novo by the appellate court. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 647 (Tex. 2020). "Our objective in construing a statute is to give effect to the Legislature's intent[.]" *Id.* "We look to the specific words chosen by the Legislature and give them their plain meaning, as informed by the context in which the enacted text appears." *Am. Pearl Grp., L.L.C. v. Nat'l Payment Sys., L.L.C.*, 715 S.W.3d 383, 387 (Tex. 2025). "Words that in isolation are amenable to two textually permissible interpretations are often not ambiguous in context." *Hegar v. Health Care Serv. Corp.*, 652 S.W.3d 39, 43 (Tex. 2022).

In his original petition, St. John alleges the adjuster defendants failed to conduct a reasonable investigation of his "claim for insurance benefits under the subject insurance policy." Thus, St. John was a "claimant," the adjusters were "agent[s] . . . perform[ing] an act on behalf of an insurer[,]" and HOAIC was an "insurer." *See* Tex. Ins. Code Ann. § 542A.001. St. John argues section 542A.003(a) gives only the claimant the right to invoke Chapter 542A. We disagree**.** Section 542A.003(a) requires a claimant to provide a pre-suit notice "before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person[.]" *See id.* § 542A.003(a). That section creates a condition precedent to a suit filed by the claimant without limiting the insurer's right under section 542A.006(a) to "elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." *Id.* § 542A.006(a).

"While subsection (a) of § 542A.006 states that 'an insurer that is a party to the action may elect to accept' its agents' liability, subsection (b) explicitly allows an insurer to make an election 'before a claimant files an action,' and, accordingly, § 542A.006 does not apply only to insurers who are named defendants in a lawsuit." *In re Certain Underwriters at Lloyd's, London*, 720 S.W.3d 749, 756 (Tex. App.—Corpus Christi-Edinburgh, orig. proceeding); *see generally* Tex. Ins. Code Ann. §

4

542A.006. We conclude the trial court did not abuse its discretion by granting HOAIC's motion to dismiss the adjuster defendants.

Compelling Appraisal

Second, St. John argues the trial court abused its discretion by compelling an appraisal when he has judicially disclaimed all policy benefits and asserts only extra-contractual tort claims against insurance adjusters under Texas Insurance Code Chapter 541 and the DTPA. St. John argues no dispute exists between the contracting parties over the "amount of loss" as required by the appraisal clause, the appraisal clause by its own terms bars appraisers from determining "coverage, exclusions, conditions," and the only damage HOAIC acknowledged as covered falls below the policy deductible while the vast majority of the damages claimed by St. John were denied as "wear and tear."

HOAIC intervened in St. John's lawsuit to enforce the terms of the insurance contract between St. John and HOAIC. "We interpret insurance policies in Texas according to the rules of contract construction." *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). "If policy language is worded so that it can be given a definite or certain legal meaning, it is not ambiguous and we construe it as a matter of law." *Id.* The insurance contract between HOAIC and St. John allowed HOAIC to demand an appraisal of the loss. Absent illegality or waiver, appraisal

clauses are generally enforceable. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 406-07 (Tex. 2011) (orig. proceeding).

A trial court has no discretion to deny a motion to compel appraisal where the express terms of the appraisal clause do not require the claimant to have instituted a lawsuit before appraisal can be invoked, the clause allows either party to make a written demand for appraisal, and the insurance policy does not limit appraisal to those situations where the insured is proceeding directly against the insurer. *In re State Nat'l Ins. Co.*, No. 13-25-00133-CV, 2025 WL 2318636, at *8 (Tex. App.—Corpus Christi-Edinburgh Aug. 11, 2025, orig. proceeding [mand. denied]) (mem. op.). We conclude the trial court did not abuse its discretion by granting HOAIC's motion to compel appraisal and abating the proceedings pending conclusion of the appraisal process.

Sanctions

Third, St. John argues the trial court abused its discretion by imposing $1,500 in attorney's fees against St. John for declining to name an appraiser. He contends the sanctions lack a direct relationship to any offensive conduct and are excessive, given that St. John proposed an agreed abatement while a similar mandamus proceeding was before the Texas Supreme Court.

The trial court ordered an appraisal on December 22, 2025. HOAIC filed a verified motion to enforce the order on February 3, 2026. In response to the motion

6

to enforce, St. John argued his attorney notified HOAIC of his intent to seek mandamus relief from the Texas Supreme Court on identical issues that the Corpus Christi Court of Appeals resolved against the claimant in *In re Garcia*, No. 26-0029 (Tex.). He argued an agreed abatement of the lawsuit until the high court resolved the controlling issue of law would conserve judicial resources.

In his mandamus petition, St. John argues the Texas Supreme Court's February 6, 2026 request for a response in No. 26-0029, *In re German Garcia*, indicated the high court is actively considering the issues resolved in favor of the insurer in *In re State National Insurance Company*. *See id.* However, the Court promptly denied the mandamus petition after receiving the response to the mandamus petition and the reply to the response.

In his mandamus petition, St. John argues a second mandamus proceeding filed in the Texas Supreme Court presents the question of whether appraisal is appropriate when the insurer has denied coverage. He argues the trial court will have abused its discretion by ordering an appraisal if the Supreme Court holds appraisal is improper where coverage remains disputed because HOAIC denied most of St. John's damages as "wear and tear" and never reversed that denial. However, the Supreme Court of Texas has since issued its opinion, holding "a party who seeks to avoid appraisal in the first instance on the ground that the dispute falls outside the scope of the appraisal provision, as Insured does here, must clear a significant

7

hurdle[]" and concluding that that the trial court clearly abused its discretion in denying appraisal. *See In re ACE American Ins. Co.*, 734 S.W.3d 887, 893, 896 (Tex. 2026) (orig. proceeding).

A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). St. John has not shown that the trial court acted without reference to any guiding principles when it required St. John to pay $1,500 in attorney's fees to the opposing party due to his failure to comply with the trial court's appraisal order.

Furthermore, St. John did not present the trial court with an argument that paying a $1,500 sanction would cause him to suffer a substantial restriction on his access to the courts. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding) ("If the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal."). St. John has not shown that he lacks an adequate remedy by appeal.

8

Conclusion

The relator failed to establish that he is entitled to mandamus relief. Accordingly, we lift our order for temporary relief and deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on April 22, 2026
Opinion Delivered July 30, 2026

Before Golemon, C.J., Johnson and Wright, JJ.

9